UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RADLEY BRADFORD,<br><br>    Plaintiff,<br><br>v.<br><br>RAUSCH, STURM, ISRAEL, ENERSON, & HORNIK, LLP,<br><br>    Defendant. | Case No. 4:20-cv-4384 |

## COMPLAINT

**NOW COMES** RADLEY BRADFORD, complaining of RAUSCH, STURM, ISRAEL, ENERSON, & HORNIK, LLP, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in the Southern District of Texas is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

4. RADLEY BRADFORD ("Plaintiff") is a natural person whom at all times relevant resided in Houston, Texas.

1

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

7. RAUSCH, STURM, ISRAEL, ENERSON, & HORNIK, LLP ("Defendant") is a law firm specializing in the practice of debt collection in various states.

8. Defendant maintains its principal place of business in Brookfield, Wisconsin.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

10. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) because it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

11. At some point in December 2020, Plaintiff obtained a copy of his TransUnion credit report.

12. That TransUnion credit report showed that Defendant requested and pulled Plaintiff's credit report on November 18, 2020.

13. Confused as to who and why Defendant had pulled his credit report, Plaintiff called the phone number listed on the credit report to determine the facts surrounding this pull.

14. During that phone call, Plaintiff spoke with Defendant's representative, Natalie ("Natalie").

15. Natalie verified Plaintiff's information and confirmed that there was an open account with Defendant ("subject account").

16. Upon information and belief, the subject account is a debt as defined by 15 U.S.C. § 1692a(5).

17. Plaintiff then questioned Natalie as to why Defendant accessed his credit report.

18. Natalie informed Plaintiff that was not the case as Defendant does not access reports.

19. After some back and forth, Plaintiff informed Natalie that he was represented by an attorney.

20. Natalie stated she knew of this representation.

21. After verifying Plaintiff's identity, confirming that he had an account with Defendant, and confirming that Plaintiff was represented by counsel, Natalie never advised Plaintiff of the mini-Miranda warning required by 15 U.S.C. 1692e(11).

22. Additionally, as plead above, Natalie informed Plaintiff that Defendant did not access his credit report which was not true.

23. The pertinent part of Plaintiff's credit report which he relied on stated in part as follows:

**RAUSCH STURM ISRAEL** ( 250 NORTH SUNNYSLOPE DR S, UITE 300, BROOKFIELD, WI 53005, (866) 456-3744 )
Requested On: 11/18/2020

## **DAMAGES**

24. Defendant's abusive collection practices have severely disrupted Plaintiff's daily life and general well-being.

25. The value of receiving complete and truthful information about one's financial affairs is of the upmost importance and material in making a decision about ones financial affairs.

26. As a result of Defendant's illegal collection practices Plaintiff was deprived of his statutorily guaranteed FDCPA rights.

27. Plaintiff was deprived of material information regarding the subject account which did not allow him to make a full and complete assessment of Defendant's collection activity and resulting in an inability to make a decision as to how to handle the subject debt.

28. Concerned with having had his rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate his rights.

## COUNT I:
## Defendant's Violations of 15 U.S.C. § 1692e

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violations of 15 U.S.C. § 1692e and e (11)

30. Section 1692e of the FDCPA provides:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

    (11) The failure to disclose in the initial written communication with the consumer and, in addition, *if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose*, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

    15 U.S.C. § 1692e(11), emphasis added.

31. Defendant violated 15 U.S.C. § 1692e(11) because Defendant's representative, Natalie, failed to identify Defendant as a debt collector as required by the express language of the FDCPA.

4

32.     Defendant violated 15 U.S.C. § 1692e by stating that Defendant had not accessed Plaintiff's credit report, when in reality it had.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

    a.  Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

    b.  Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

    c.  Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

    d.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II
### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)

33.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

34.     Section 392.304(19) of the Texas Finance Code prohibits a debt collector from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer".

35.      Defendant violated Tex. Fin. Code Ann. § 392.304(19) by not disclosing they were a debt collector attempting to collect a debt.

36.     Furthermore, Defendant violated Tex. Fin. Code Ann. § 392.304(19) by stating that Defendant had not accessed Plaintiff's credit report, when in reality it had.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in her favor as follows:

a. Finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

b. Enjoining Defendant from further contact with Plaintiff pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

e. Awarding any other relief as this Honorable Court deems just and appropriate

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: December 30, 2020                                          Respectfully Submitted,

**RADLEY BRADFORD**

By**:** /s/ *Victor T. Metroff*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com